UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE K. BATIE,<br><br>Defendant. | NO. CR23-124-JLR<br><br>[PROPOSED]<br><br>**DISCOVERY PROTECTIVE ORDER** |

This matter comes before the Court on the parties' Joint Motion for Entry of a Discovery Protective Order. Finding good cause, the Court hereby enters the following:

### DISCOVERY PROTECTIVE ORDER

**1.   Definition of "Protected Material"**

The discovery in this case includes audio and video recordings that reflect the person and voice of a Confidential Informant (CI) who was working with the government in the underlying investigation. To date, the government has protected the CI's identity from disclosure in this matter to protect the CI's safety. To ensure these sensitive recordings are handled carefully and the CI's safety is not unnecessarily put at risk, they will be marked "PROTECTED" in discovery and treated as "Protected Material" governed by the terms of

DISCOVERY PROTECTIVE ORDER - 1
*United States v. Jesse K. Batie*, CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this Discovery Protective Order. The government will produce copies of the Protected Material to defense counsel to comply with its discovery obligations.

## 2. Possession and Disclosure of Protected Material

Possession of the Protected Material is limited to defense counsel, as well as his investigators, paralegals, assistants, law clerks, and experts (collectively, "members of the defense team"). Members of the defense team may share the Protected Material with the Defendant Jesse K. BATIE so he may review it. But neither BATIE nor members of the defense team may disseminate or disclose Protected Material to anyone who is not a member of the defense team.

## 3. Consent to the Terms of this Discovery Protective Order

Defense counsel is required to provide a copy of this Order to members of the defense team and to BATIE. Prior to providing any Protected Material to members of the defense team or to BATIE, defense counsel is required to obtain their written consent to be bound by the terms and conditions of this Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

## 4. Filing

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, or any other proceeding in this or any other matter, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

## 5. Non-Impact on Substantive Discovery Obligations

Nothing in this Order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

This Order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the

DISCOVERY PROTECTIVE ORDER - 2
*United States v. Jesse K. Batie*, CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the government's discovery obligations.

**6. No Concession Regarding Admissibility**

In producing the Protected Material to defense counsel, the government does not concede it is admissible in any subsequent proceeding in this matter.

**7. Modification**

This Order may be modified, as necessary, by stipulation of the parties to the Court and any other order of the Court.

**8. Nontermination**

The provisions of this Order shall not terminate at the conclusion of this prosecution. At the close of this case, defense counsel shall return all copies of the Protected Material to the office of the United States Attorney (except as described in the next sentence), or otherwise certify that the material has been destroyed. Defense counsel may keep one digital copy of the Protected Material in her files. That digital copy must be kept in a locked facility with access restricted only to members of the defense team who have agreed to be bound by provisions of this Protective Order.

**9. Violation of Any Term of this Order**

Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

DATED this 12th day of December, 2023.

THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Jesse K. Batie*, CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Presented by:
2
   *s/ Michelle Jensen*
3  MICHELLE JENSEN
   Assistant United States Attorney
4
5
   *s/ Christopher R. Black*
6  CHRISTOPHER R. BLACK
   Attorney for Jesse K. Batie
7

DISCOVERY PROTECTIVE ORDER - 4
*United States v. Jesse K. Batie*, CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970