UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESSE K. BATIE, <br><br> Defendant. | NO. CR23-124-JLR <br><br> **PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Jesse K. Batie's interest in the following property (the "Subject Vehicle"):

a. A black 2017 Mercedes, VIN 55SWF4JB5HU230919, bearing Washington license plate CDU6180, seized on or about July 12, 2023, and registered to JESSE K. BATIE.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The Subject Vehicle is forfeitable pursuant to 21 U.S.C. § 853(a), as property that constitutes proceeds of, or was used to facilitate, Defendant's

Preliminary Order of Forfeiture - 1
*United States v. Batie,* CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

commission of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1-3 of the Superseding Information); and,

- In the Plea Agreement he entered on February 29, 2024, Defendant agreed to forfeit his interest in the Subject Vehicle pursuant to 21 U.S.C. § 853(a). Dkt. No. 38, ¶ 13.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853(a), and his Plea Agreement, Defendant's interest in the Subject Vehicle is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and/or their authorized agents or representatives, shall maintain the property in their custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Vehicle as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in this Subject Vehicle, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the Subject Vehicle must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

Preliminary Order of Forfeiture - 2
*United States v. Batie,* CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

       a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Vehicle;

       b. shall be signed by the petitioner under penalty of perjury; and,

       c. shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Vehicle as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Vehicle, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 25th day of March, 2024.

_____
THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Preliminary Order of Forfeiture - 3
*United States v. Batie,* CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | Presented by:

3 | *s/Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Batie,* CR23-124-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970